T.C. Summary Opinion 2005-15


UNITED STATES TAX COURT



GARY D. MYERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3488-04S.              Filed February 16, 2005.


Gary D. Myers, pro se.

Joan E. Steele, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

------

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2001, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2001 in the amount of $2,402.

The issue for decision by the Court is whether petitioner is required to report on his individual income tax return income that was required to be distributed to him as the sole beneficiary of a simple trust.

Whether petitioner is entitled to an earned income credit is a mechanical matter, the resolution of which is dependent solely on our disposition of the aforementioned trust issue.

Background

None of the facts have been stipulated.

At the time that the petition was filed, petitioner resided in the State of Colorado.

Petitioner was born in November 1952. His mother was Ruth Irene Myers (hereinafter, either Mrs. Myers or petitioner's mother).

In September 1990, Mrs. Myers created the Ruth Irene Myers Trust. Mrs. Myers retained the right to alter, amend, and revoke the trust during her lifetime. She also retained the right to dispose of the net income and principal of the trust in such manner as she might direct from time to time; however, unless otherwise directed by her, the net income was payable to her at least quarterly. Mrs. Myers named herself and her husband, Carl Alden Myers, as trustees.

At a time not disclosed in the record, and perhaps because of the death of her husband, Mrs. Myers became the sole trustee of the trust.

By March 2001, the health of Mrs. Myers had seriously deteriorated. Accordingly, at that time, Mrs. Myers named Community First National Bank (currently, Bank of the West) as successor trustee. The institutional trustee continued to administer the trust for the principal benefit of Mrs. Myers.

On July 16, 2001, petitioner's mother died. At that time, what had been a revocable trust became an irrevocable trust pursuant to the trust indenture. Thereupon, petitioner was the sole beneficiary, and the institutional trustee was required to distribute all income to him currently.

During the last 5-1/2 months of 2001, the institutional trustee made distributions directly to petitioner and, at petitioner's direction, to petitioner's creditors. However, not all of the income required to be distributed to petitioner in 2001 was actually distributed to him in that year.[2]

As the institutional trustee of the Ruth Irene Myers Irrevocable Trust, Community First National Bank prepared a Schedule K-1, Beneficiary's Share of Income, Deductions, Credits,

---

[2] Pursuant to the trust indenture, the Ruth Irene Myers Irrevocable Trust terminated in 2002. The institutional trustee, although required to distribute all income currently to petitioner, deferred complete distribution during the winding up process for the trust.

etc., for 2001. On the Schedule K-1, the institutional trustee identified petitioner as the beneficiary and accurately listed the following items of income allocable to him:

| Allocable share item | Amount |
| --- | --- |
| Interest | $3,579 |
| Ordinary dividends | 6 |
| Annuity income | 10,827 |

The total of these three amounts, $14,412, was then correctly identified as petitioner's income for regular tax purposes.

Petitioner filed a Federal income tax return for 2001. On his return, petitioner listed his filing status as single. Petitioner reported adjusted gross income in the amount of $7,554, consisting almost exclusively of wages. Petitioner did not report any allocable share item in respect of his late mother's trust as disclosed by the institutional trustee on the Schedule K-1.

Also on his 2001 return, petitioner claimed an earned income credit. Petitioner claimed the credit in his own right without regard to a qualifying child.

In the notice of deficiency, respondent determined that petitioner failed to report income from his late mother's trust in the amount of $14,412 as disclosed by the institutional trustee on the Schedule K-1. Respondent also determined that petitioner was not entitled to an earned income credit based on (1) the amount of his adjusted gross income, see sec. 32(a), and

(2) the amount of his investment income as derived from his late mother's trust, see sec. 32(i).

Discussion[3]

For tax purposes, trusts are either "simple" or "complex". See sec. 1.651(a)-1, Income Tax Regs. In order to be a simple trust, a trust must be required to distribute all income currently. See secs. 1.651(a)-1, 1.652(a)-1, Income Tax Regs. In contrast, a complex trust may distribute or accumulate income, or pay or set aside income for charitable purposes. Secs. 1.651(a)-1, 1.661(a)-1, Income Tax Regs.

A simple trust acts as a conduit, with income flowing through the trust to the beneficiary. Therefore, for income tax purposes, a beneficiary of a simple trust is required to include in the beneficiary's income the trust's income that is required to be distributed to the beneficiary currently, whether the trust's income is actually distributed or not.[4] Sec. 652(a); sec. 1.652(a)-1, Income Tax Regs.

The record in the present case demonstrates that the Ruth Irene Myers Irrevocable Trust was a simple trust. Sec. 651; sec. 1.651(a)-1, Income Tax Regs. Thus, all of the income that the trust was required to distribute in 2001, i.e., $14,412, is

_____

[3] We decide the issue in this case without regard to the burden of proof.

[4] The conduit theory of trust taxation also instructs that the income received by a beneficiary retains the same character in the hands of the beneficiary as in the hands of the trust. Sec. 652(b).

includable in petitioner's income for that year.  As previously indicated, the fact that not all of that income was actually distributed to petitioner in 2001 is of no consequence.

In view of the foregoing, we hold for respondent on this issue.

Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issue,

Decision will be

entered for respondent.